UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fred Smith, III, | ) C/A No. 8:09-00789-HFF-BHH |
|           Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| Sheriff Bill Blanton, Cherokee County Detention Center; | ) |
| Capt. Harold Crocker, Cherokee County Detention Center, | ) |
|           Defendants. | ) |

Fred Smith, III (Plaintiff) files this civil action *pro se* and pursuant to 28 U.S.C. § 1915.* Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

This Court is required to liberally construe *pro se* documents, *Erikson v. Pardus,* 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if

---

*Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Local Rule 73.02(B)(2)(e) D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

This complaint has been filed pursuant to 28 U.S.C. § 1915 which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless.  *Id.* at 32.  In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor.  *Id.*

2

### DISCUSSION

Plaintiff brings this action complaining that he was left in the Cherokee County Courthouse (Courthouse) holding cell overnight after his sentencing on September 4, 2007. Plaintiff states that he was transported to the Cherokee County Detention Center (CCDC) the following day. Plaintiff claims that he was frightened by having to spend the night alone at the Courthouse. However, Plaintiff's allegations fail to state a constitutional violation. At most, Plaintiff appears to be alleging a negligence claim against these defendants.

Negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Section 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989).

A civil action for negligence would be cognizable in this court under the diversity statute, if that statute's requirements are satisfied. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992). The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn.13-16 (1978). It appears that diversity may exist in this case because the Plaintiff indicates that he is from North

Carolina, and the service documents submitted for the defendants indicate service may be made upon them at South Carolina addresses.

However, under South Carolina law, in a negligence action, if Plaintiff has not suffered physical injury, damages for emotional distress are generally not recoverable unless the emotional distress manifest itself physically. *Dooley v. Richland Memorial Hospital*, 322 S.E. 2d 669 (Ct. App. 1984). Plaintiff does not allege any physical injury as a result of spending the night at the Courthouse, or that he has sought medical treatment as a result of the alleged trauma of the event.

Under limited circumstances, a plaintiff may recover for emotional distress absence bodily injury with the presence of the following elements:

> (a) the negligence of the defendant must cause death or serious physical injury to another; (b) the plaintiff bystander must be in close proximity to the accident; (c) the plaintiff and the victim must be closely related; (d) the plaintiff must contemporaneously perceive the accident; and (e) the emotional distress must both manifest itself by physical symptoms capable of objective diagnosis and be established by expert testimony.

*Kinard v. Augusta Sash & Door Co.*, 336 S.E. 2d 465 (1985). Plaintiff's allegations fail to establish the first two elements as he does not allege serious injury or death to another, and he is not a bystander to the action.

Assuming Plaintiff may be attempting to bring a cause of action for intentional infliction of emotional distress caused by the defendants' failure to transport him to CCDC on the day of his sentencing, again he has failed to state a claim. In *Williams v. Lancaster County School District,* the Court of Appeals for South Carolina recognized that "'one's wilful, malicious conduct proximately causing another's emotional distress may be actionable' as intentional infliction of emotional distress or the tort of outrage." 631 S.E.2d

286, 293 (2006) (quoting *Ford v. Hutson,* 276 S.E.2d 776, 778 (1981)). Plaintiff must show:

> (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in civilized community; (3) the actions of defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Id.* There are no allegations in the complaint of intentional conduct on the part of the named defendants. Additionally, the conduct - leaving Plaintiff in the Courthouse holding cell overnight - is not extreme and outrageous. While this action may have distressed Plaintiff emotionally, Plaintiff has not alleged an emotional distress severe enough to require medical or other necessary attention. Plaintiff has failed to state a claim of intentional infliction of emotional distress.

Further, assuming Plaintiff is attempting to assert a claim for reckless infliction of emotional distress rather than intentional infliction, such claim must also be dismissed because the state of South Carolina does not recognize the tort of reckless infliction of emotional distress. *Hernandez-Martinez v. Pyatt*, 2008 WL 220630 *6 (D.S.C. 2008) (citing *Williams-Murray v. Murray*, 2004 WL 2944098, *3 (D.S.C.2004).

As Plaintiff's complaint fails to allege a constitutional violation or a viable state law caus of action in order to proceed under the diversity statute, this case should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the complaint in the

above captioned case *without prejudice* and without issuance and service of process.

                                                 s/Bruce Howe Hendricks
                                                 United States Magistrate Judge

April 16, 2009
Greenville, South Carolina

      **Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).